**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARLOS EDUARDO GONZALEZ REYES** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-8006** |
| | : | |
| **WARDEN FDC JL JAMISON, ET AL.** | : | |

**ORDER**

This 23rd day of October, 2026, got the reasons that follow, it is hereby **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus, ECF 1, is **GRANTED**. Respondents shall release Petitioner immediately and shall return all personal belongings confiscated upon his arrest or during his detention, including any identification documents, and certify compliance with this Order no later than 5:00 p.m. ET on October 23, 2026.

Respondents base Petitioner's detention on 8 U.S.C. § 1226(a). Several courts in this district have held that an individualized review is necessary prior to discretionarily detaining a non-citizen under § 1226(a). *See Dos Reis v. McShane*, CIVIL ACTION No. 26-3775, 2026 WL 1746649 (E.D. Pa. June 17, 2026) at *4 (Sánchez, J.) ("Because Petitioner is detained under § 1226(a), ICE had discretion to detain him or release him on bond or conditional parole, but it had to exercise that discretion through an individualized custody determination"); *Dzehtisarou v. Mullin*, CIVIL ACTION NO. 26-5060, 2026 WL 2211392 (E.D. Pa. July 31, 2026) at *4 (Rufe, J.) ("Before the government can exercise its discretion to detain a noncitizen under § 1226, ICE must make an individualized custody determination"); *De Los Santos Medina v. Jamison*, CIVIL ACTION NO. 26-6800, 2026 WL 2742071 (E.D. Pa. Sept. 16, 2026), at *4 (Rufe, J.) (Same); *Diallo v. Jamison*, CIVIL ACTION NO. 26-4895-KSM, 2026 WL 2547269, at *4 (E.D. Pa. Aug. 28, 2026) (Marston, J.) ("As this Court has held in hundreds of recent cases relating to the Government's interpretation of a related INA Section … 'when the government detains an alien

under Section 1226, the alien has due process rights, including a right to an individualized detention and a bond hearing.'" (citing *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *5 (E.D. Pa. Nov. 14, 2025)); *Delgadillo v. Blanche*, CIVIL ACTION No. 26-6195, 2026 WL 2569475, at *4 (E.D. Pa. Aug. 31, 2026) (Perez, J.) ("ICE must exercise that discretion [under 1226] through an individualized custody determination"); *Basboga v. Jamison*, Case No. 2:26-cv-06694, 2026 WL 3033623, at *1 (E.D. Pa. Oct. 9, 2026) (Wolson, J.) (requiring an individualized determination under § 1226).

I agree with the reasoning in these opinions that Section 1226(a) requires an individualized determination prior to detention.[1] Based on the record here, Petitioner did not receive the necessary individualized review. The I-213 provided by the government is "bereft of a reasoned finding that Petitioner is dangerous or a flight risk, or unsuitable for conditions short of detention." *Dos Reis*, 2026 WL 1746649, at *4. It cites only that "Based on the availability of bed space, the subject will be detained in ICE custody pending his immigration hearing." ECF 4-2, at 2. But "[t]he availability of bed space is not an individualized determination … under Section 1226(a)." *Basboga*, 2026 WL 3033623, at *5; *see also Lursmanashvili v. Jamison*, CIVIL ACTION NO. 26-7716, 2026 WL 3123167, at *2 (E.D. Pa. Oct. 19, 2026) (same). Therefore, I find that Petitioner did not receive the required individualized determination prior to detention.

---

[1] I also agree with the reasoning of these opinions regarding the need for Petitioner to exhaust his administrative remedies. *See also Tenezaca-Bacacela v. Jamison, et al.*, No. 26-cv-7617, ECF No. 10 (E.D. Pa. Oct. 16, 2026) (Schmehl, J.) (granting habeas on similar grounds without requiring administrative exhaustion); *Vasquez Montiel v. Jamison, et al.*, no. 26-cv-7894, ECF No. 10 (E.D. Pa. Oct. 20, 2026) (same); *Reyes Navarro v. Jamison*, No. 26-cv-7617, ECF 8 (E.D. Pa. Oct. 2, 2026) (holding that exhaustion is not required to obtain habeas relief under Section 1226(a)). Therefore, I find that exhaustion is not required here.

"The rule of law is built upon multiple procedural safeguards." *Tabora-Brizuela v. Mullin*, No. 26-7010, 2026 WL 2908095, at *5 (E.D. Pa. Sept. 28, 2026). Because Petitioner was not afforded the required individualized custody determination, his detention is unlawful. "Habeas is at its core a remedy for unlawful executive detention and the typical remedy for such detention is, of course, release." *Id.* (citations omitted).

/s/ Gerald Austin McHugh
United States District Judge